UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OKLAHOMA

IN RE:                                          )
                                                )
ROBERT ALLEN DAGENDESH                          )
BARBARA ANN DAGENDESH                           )
                                                )
                                                )
                                                )   Case No.  11-11632 M
              Debtor(s).                        )   Chapter 13

## AMENDED CHAPTER 13 PLAN

LENGTH OF PLAN:            <u>     60      </u> months.

PLAN PAYMENTS:             Debtor(s) shall pay $<u>1450 </u> per month.  The trustee shall deduct the Trustee's preset percentage fee from each payment.

COMMENCEMENT DATE:   Plan payments shall commence on or before 30 days after the Chapter 13 Petition is filed.

**PRIORITY CLAIMS:** (To be paid in full without interest)

| CLAIMANT | DESCRIPTION | AMOUNT | MONTHLY PAYMENTS AND NUMBER OF PAYMENTS | |
|---|---|---|---|---|
| *Ron Brown* | *Attorney Fees* | 1344 | $134.40/mo<br>0/mo | Months 1-10<br>Months 11-60 |
| *IRS* | *Taxes* | 2929.76 | 48.83/mo | Months 1-60 |
| *OTC* | *Taxes* | 382.71 | 6.38/mo | Months 1-60 |

**SECURED CLAIMS:** [exclusive of real estate mortgage(s)]

| CLAIMANT | FILED OR SCHEDULED CLAIM | COLLATERAL | ALLOWED SECURED CLAIM | INTEREST RATE | MONTHLY PAYMENTS AND NUMBER OF PAYMENTS |
|---|---|---|---|---|---|

LIST ALL SECURED CLAIMS **NOT** ENTITLED TO ADEQUATE PROTECTION HERE
(EXCLUDING REAL ESTATE CLAIMS)

|  |  |  |  |  |  |
|--|--|--|--|--|--|
|  |  |  |  |  |  |
|  |  |  |  |  |  |

**CLAIMS ENTITLED TO ADEQUATE PROTECTION PURSUANT TO 11 U.S.C. §1326(a)(1)(C).**
The following claimants are provided adequate protection in the form of a lien on each pre-confirmation plan payment to the Chapter 13 Trustee in the payment amount stated below for each claimant, subject to the provisions of the Court's Misc. Order No. 162:

LIST ALL CLAIMS ENTITLED TO ADEQUATE PROTECTION HERE
(USE THE SAME INFORMATION COLUMNS FOR THE CLAIMS AS YOU
WOULD FOR THE NON-ADEQUATE PROTECTION CLAIMS ABOVE)

| CLAIMANT | FILED OR SCHEDULED CLAIM | COLLATERAL | ALLOWED SECURED CLAIM | INTEREST RATE | MONTHLY PAYMENTS AND NUMBER OF PAYMENTS |
|--|--|--|--|--|--|
| Arvest Bank | 32954.30 | 2009 Ford F150 | 32954.30 | 6% | 637.10/mo  Months 1-60 |
| DT Credit | 11869.47 | 2004 Kia Optima | 11869.47 | 6% | 229.47/mo  Months 1-60 |
|  |  |  |  |  |  |

Note: Secured creditors shall retain their liens as provided in 11 U.S.C. Sec. 1325 (a)(5)(B)(i) to the extent of the value stated above in the Allowed Secured Claim column.  The allowed secured claim of each secured creditor shall be the amount of the collateral, as indicated in the Allowed Secured Claim column, or the amount of the filed claim, whichever is less, with the balance of the claim as filed being allowed as an unsecured claim, and with the lien of the creditor being avoided on the unsecured portion pursuant to 11 U.S.C. Sec. 506(d).

**REAL ESTATE MORTGAGE (S):**

| CLAIMANT | DESCRIPTION | ALLOWED AMOUNT | INTEREST RATE | MONTHLY PAYMENTS AND NUMBER OF PAYMENTS |
|--|--|--|--|--|
| No mortgages |  |  |  |  |
|  |  |  |  |  |

Or  Explanation, if applicable

_____*Debtors shall make all regular, ongoing post-petition mortgage payments directly to mortgage holder as they become due.  This is a long term debt as defined by 11 USC §1328(a)(1) and shall not be discharged upon completion of plan.*

Or

_____ The ongoing monthly mortgage payments being made through the Chapter 13 Trustee under the Plan may change from time to time during the term of the Plan as provided in the mortgage agreement.  Upon notice from the mortgage lender of a change in the monthly payment, which is filed in the case, the Trustee is authorized to increase or decrease the Chapter 13 plan payment to provide for each change without necessity of formal modification of the plan.  This authorization shall include submitting amended wage deduction order(s) for entry by the Court.  To be effective as to the Trustee, the notice of payment change must be filed in the case.  The Trustee shall not be required to make retroactive payment changes and shall have the election of not making changes of $10.00 or less per month.  Changes in the monthly mortgage payments shall be effectuated by the Trustee as soon as reasonably practicable after receipt of the notice of change.  Nothing in this Plan shall prohibit the Debtor from making direct payments to the mortgage lender to keep mortgage payments current until a change can be made by the Trustee, provided the Plan payments are current.  Since it is contemplated that changes in monthly mortgage payments will be made without affecting any other party in interest, no further notice of such changes shall be required.  Mortgage payments shall be made by the Chapter 13 Trustee in the ordinary course of Chapter 13 trusteeship business and no additional penalty or charges shall be assessed against the Debtor by reason thereof.

**SPECIAL UNSECURED CLASS (ES):**

| CLAIMANT | DESCRIPTION | ALLOWED AMOUNT | | MONTHLY PAYMENTS AND NUMBER OF PAYMENTS |
|---|---|---|---|---|
| | | | | |
| | | | | |

3

**PROPERTY TO BE SURRENDERED:** The following property shall be surrendered.

For each creditor below, the amount by which such creditor's claim exceeds the sale proceeds shall be relegated and treated as a general unsecured claim if such creditor files a timely proof of claim and within 60 days after confirmation sells the collateral and files an amended proof of claim setting forth the deficiency. Otherwise, the claim shall be deemed fully satisfied, and such creditor shall have no unsecured claim, regardless of deficiency.

| CLAIMANT | COLLATERAL | ALLOWED SECURED CLAIM |
|---|---|---|
|  |  |  |

**LIEN AVOIDANCE (S):** The Debtor(s) shall file a separate Motion or Motions to avoid the liens or security interests of the following claimants pursuant to 11 U.S.C. Section 522(f) and the claim(s) of such claimant(s) shall be relegated to and treated as general unsecured claims:

CLAIMANT

|  |
|---|
|  |
|  |
|  |

**UNSECURED CLAIMS:**   All claims not specifically provided for above and those relegated to unsecured status above shall be paid as general unsecured claims, without priority, on a pro rata basis.

| | |
|---|---|
| Unsecured claims per Schedule F: | $ *41266* |
| Unsecured Tax Claims: | $ 199.71 |
| Total Projected Unsecured Claims: | $ *41465.71* |
| Approximate Percentage Payback top Holders of Unsecured Claims: | 52.2% |

NOTE:   The actual payback to unsecured claims may be more or less depending on claims actually filed and allowed.

**OTHER PROVISIONS:**

1. All property of the estate under 11 U.S.C. Section 1306 at the time of confirmation shall be and remain property of the estate and all stays in effect at the time of confirmation shall remain in force and effect until conclusion of the case or other Order of the Court.

2. All claims will be treated as set forth above unless a creditor objects prior to the confirmation hearing and files a claim within ninety (90) days after the first date set for the meeting of creditors called pursuant to 11 U.S.C. Section 341(a).  Governmental units must file claims within 180 days after the order for relief.

3. All creditors without priority who fail to file a proof of claim within the time stated in paragraph 2 above, may not receive any distribution under this Plan.

4. All secured creditors shall retain their liens as provided in 11 U.S.C. Sec. 1325 (a)(5)(B)(i).

5. The above named Debtor(s) is/are enjoined from incurring any debts without prior approval of the court, except such debts as may be necessary for emergency medical or hospital care.

6. 11 U.S.C. 1325(a)(5)(b)(i): With respect to each allowed secured claim provided for by this plan, it is hereby provided: (I) the holder of such claim shall retain the lien securing such claim until the earlier of-- (aa) the payment of the underlying debt determined under nonbankruptcy law or (bb) discharge under section 1328; and (II) if the case under this chapter is dismissed or converted without completion of the plan, such lien shall also be retained by such holder to the extent recognized by applicable nonbankruptcy law.

Date:   _8/3/2011_____

6

     /s/ ROBERT ALLEN DAGENDESH
Debtor

     /s/ BARBARA ANN DAGENDESH
Joint Debtor

__/s/ Ron D. Brown__
Attorney: *Ron D. Brown OBA #16352*
Address: *320 S. Boston Ave. Suite 1130*
*Tulsa, OK 74103*
*(918) 585-9500 phone*
Attorney for Debtor(s)

6